FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2022 APR -6  A 11: 09

| | |
|---|---|
| BRUCE W. PEARSON <br><br> Plaintiff <br><br> v. <br><br> PRINCE WILLIAM COUNTY SCHOOL BOARD <br><br> Defendant | Civil Action No: 1:22 CV 377 (RDA/TCB) <br><br> Jury Trial Demand |

## COMPLAINT

Comes Now, Plaintiff Bruce W. Pearson ("Mr. Pearson"), Pro Se Counsel, and files this Complaint against the Defendant, Prince William County School Board (PWCSB) on the following grounds:

### Introduction

This is an action for post-employment discrimination and retaliation pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991.

### Jurisdiction

The jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5. Equitable relief and other relief are also brought under 42 U.S.C. § 2000e-5(g), and 42 USC § 12203 et seq.

1

## Parties

1. I am a resident of the Commonwealth of Virginia.

2. PWCSB is a local governmental entity located in the Commonwealth of Virginia.

3. I was previously employed by PWCSB and worked in the Commonwealth of Virginia.

4. Events referenced in this Complaint occurred in the Eastern District of Virginia, specifically in Prince William County and Fairfax County, Virginia.

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended for intentional post-employment discrimination and egregious retaliation.

6. I filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII of the Civil Rights Act of 1964, as amended including violations based on race discrimination and retaliation on November 2, 2021. A true and accurate copy of EEOC Charge of Discrimination and Statement of Harm is attached hereto as Exhibit A.

7. On January 11, 2022, I received a Notice and Dismissal of Rights from EEOC giving notice I had ninety (90) days after receipt to commence a civil action in this Court. See Notice and Dismissal of Rights attached hereto as Exhibit B.

8. I have satisfied all statutory prerequisites for filing this action.

9. PWCSB have engaged in discriminatory practices with malice and reckless indifference to federally protected rights, thereby entitling me to punitive damages.

## Statement of Facts

10. This matter arises from post-employment with PWCSB.

11. I am an African American male with a bachelor's degree in economics, master's degree in public administration and holds educational endorsements and certifications from the

Virginia Department of Education in Business Education, Business and Information Technology, and Administration and Supervision.

12. I was previously employed by PWCSB from November 2005 until dismissal on September 9, 2019.

13. I was formerly employed as a high school professional educator at Freedom Senior High School in Woodbridge, Virginia.

14. For additional facts, see Statement of Harm attached to Exhibit A which is included as part and parcel to this Complaint.

15. Former employees have standing to bring a claim for actions which occurred post-employment that are alleged to be in retaliation for protected activity engaged in while an employee.

16. The Supreme Court held that Title VII's anti-retaliation provision covers any employer action that would be "materially adverse" to a reasonable employee or applicant (i.e., any action that might dissuade a reasonable worker from making or supporting a charge of discrimination. Thus, unlike the substantive anti-discrimination provision, unlawful employment practices under the anti-retaliation provision are not limited to only those affecting an employee's compensation, terms, conditions, or privileges of employment.

17. I have been discriminated against in the terms, conditions, and privileges of post-employment, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., 42 U.S. Code § 12203 - Prohibition against retaliation.

## COUNT ONE – RACE DISCRIMINATION

18. I hereby incorporate the allegations contained in paragraphs 1-17 above.

19. I was discriminated against on the basis of my race and for filing an EEOC Charge and subsequent lawsuit in this Court. Similarly situated employees or employees in general were treated differently and allegedly were provided employment references.

20. 42 U.S.C. § 2000e et seq., makes it unlawful to allow race to be a motivating factor for any employment or post-employment practice.

21. PWCSB, through its agents and/or employees, failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts, and failures to act as described above with respect to the intentional discrimination suffered by me.

22. PWCSB failed to make all necessary and reasonable steps to eliminate race discrimination from the workplace and to prevent it from occurring in the future by treating employees and former employees the same, regardless of their dismissal status.

## COUNT TWO – RETALIATION

23. I hereby incorporate the allegations contained in paragraphs 1-22 above.

24. I was subjected to conscious, purposeful and retaliatory discrimination designed to interfere with prospects for employment. As stated in the EEOC Charge, Title VII prohibits discrimination against both current and former employees and "post-employment retaliation [includes] actions or tactics, subtle or otherwise that are designed to interfere with or hinder attempts by a former employee to get a new job."

25. Blacklisting 101 is when you are close to being hired and then rejected.

26. When this Court or a jury hears audio evidence and other evidence, there will be only one question regarding denial of imminent employment. What happened or what caused the hiring process to abruptly stop?

27. 42 U.S.C. § 2000e, et seq. makes it unlawful to retaliate against a former employee because he has opposed an unlawful employment practice under that title, or made a Charge under that title.

28. PWCSB, by and through its agents and employees, retaliated against me in the terms, conditions, and privileges of post-employment in various ways, due to my objections to PWCSB harassment and discrimination on the basis of race and filing an EEOC Charge and subsequent lawsuit regarding same, in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 2000e et seq.

29. As a result of the hostile, offensive, discriminatory and retaliatory behavior by PWCSB and its agents and/or employees, and the failure of PWCSB to protect former employees from such discrimination and retaliation, I suffered humiliation among many other things.

30. PWCSB, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failure to act as described above with respect to the retaliation suffered by me. Although PWCSB has hired a doctorate level chief equity officer that reports directly to the PWCSB chairman, top level leadership are undeterred in their retaliation against me.

31. PWCSB failed to take all necessary and reasonable steps to eliminate retaliation from the workplace and to prevent it from occurring in the future. I was on the verge of working for Fairfax County Public Schools (FCPS) in July 2021 absent discrimination and retaliation.

32. This Court should know I sought pre-Complaint discussions with PWCSB as per Exhibit C to no avail.

## **PRAYER**

**WHEREFORE**, the forgoing premises considered, I seek judgment against PWCSB in an amount that will fairly compensate me for:

1. Violations of my rights under Title VII of the Civil Rights Act of 1964, as amended;

2. Compensatory damages including lost wages, past and future and/or impairment of power to earn money, damage to reputation, anxiety, and humiliation, past and future;

3. Punitive damages to punish PWCSB for its willful, wanton, oppressive, intentional, malicious, conscious, purposeful, and gross negligent conduct;

4. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting PWCSB from engaging in future acts of discrimination and retaliatory conduct; and

5. Expenses for litigation, including reasonable fees and costs pursuant to Title VII and/or 42 U.S.C. § 1988;

6. That the Court grant me any and all other relief the Court deems just and proper; and,

7. That the Court grant me a jury trial.

DATED: April 6, 2022

                                                Respectfully submitted,

                                                _____
Bruce W. Pearson, Pro Se Counsel
12434A Liberty Bridge Road
Fairfax, Virginia 22033-6042
Telephone: 703-283-6352
Email: bwpears@aol.com

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that: No attorney has prepared or assisted in the preparation of this Complaint executed on April 6, 2022.

Respectfully submitted,

By: *[signature]*
Bruce W. Pearson, Pro Se Counsel
12434A Liberty Bridge Road
Fairfax, Virginia 22033-6042
Telephone: 703-283-6352
Email: bwpears@aol.com

## CERTIFICATE OF SERVICE

I certify the forgoing Complaint was filed on the 6th day of April 2022 with the United States District Court for the Eastern District of Virginia, Alexandria Division. The Complaint and Summons will be delivered to PWCSB or its representative within the timeframe as specified in FRCP 4(m).

By: *[signature]*
Bruce W. Pearson, Pro Se Counsel
12434A Liberty Bridge Road
Fairfax, Virginia 22033-6042
Telephone: 703-283-6352
Email: bwpears@aol.com